1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DARIUS SIMS,                                 No.  2:14-cv-0393 KJN P

12                   Plaintiff,

13             v.                                  ORDER

14   SCOTT HEATLEY, et al.,

15                   Defendants.

16

17   I.  Introduction

18          Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

19   to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss.  Plaintiff filed

20   two oppositions to the motion, and defendants filed a reply.  For the following reasons, the

21   undersigned partially grants defendants' motion to dismiss, and grants plaintiff leave to file a

22   second amended complaint.

23   II.  Legal Standard

24          Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for

25   "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In

26   considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court

27   must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89

28

                                                    1

1   (2007), and construe the pleading in the light most favorable to the plaintiff.  Jenkins v.

2   McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir.

3   1999).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more

4   than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a

5   cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

6   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

7   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

8   upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.

9   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

10  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556

11  U.S. at 678.  Attachments to a complaint are considered to be part of the complaint for purposes

12  of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard Reiner & Co.,

13  896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

14          A motion to dismiss for failure to state a claim should not be granted unless it appears

15  beyond doubt that the plaintiff can prove no set of facts in support of his claims which would

16  entitle him to relief.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  In general, pro se

17  pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner,

18  404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.  Bretz

19  v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's liberal

20  interpretation of a pro se complaint may not supply essential elements of the claim that were not

21  pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

22  III.  Plaintiff's Amended Complaint

23          This action is proceeding on plaintiff's amended complaint in which he claims that

24  defendants Horowitz, Heatley, and Smith were deliberately indifferent to plaintiff's severe health

25  problems in violation of the Eighth Amendment.  (ECF No. 12.)  Plaintiff avers that defendant

26  Heatley changed plaintiff's medications without plaintiff's knowledge, and that the different

27  medication gave plaintiff terrible side effects.  (ECF No. 12 at 5.)  Plaintiff claims that defendant

28  Horowitz changed plaintiff's medication upon his arrival at Mule Creek State Prison without

1 "merits," or concern for plaintiff, and told plaintiff "if [he] wanted medical care [he] should not

2 have come to prison." (ECF No. 12 at 5.) Plaintiff states that defendant Smith "has only written

3 to" plaintiff, and that when plaintiff went to the emergency room due to his cluster migraine

4 headaches, or his heart attack on October 20, defendant Smith's statements were "incorrect and

5 misleading." (ECF No. 12 at 6.) Plaintiff claims that he was not given migraine medication for

6 extreme headaches in 2013, and that despite acute gout attacks in 2012 and 2013, plaintiff was

7 not given gout medication until the end of 2013. (ECF No. 12 at 7.)

8       Plaintiff states that he "attached exhibits to show facts of mistreatment, cruelty, and the

9 health care 602 process [he] . . . went through over the years of mistreatment." (ECF No. 12 at

10 3.) Plaintiff provided numerous exhibits with his amended complaint and with his oppositions to

11 the motion to dismiss, including copies of his inmate appeals and responses by prison officials.

12 IV. <u>Motion to Dismiss</u>

13       Defense counsel argues that plaintiff's claims are impermissibly based solely on

14 defendants Dr. Heatley's and Dr. Smith's participation in reviewing plaintiff's inmate appeals;

15 plaintiff's complaint and its exhibits demonstrate that each defendant provided plaintiff with

16 reasonable and appropriate medical treatment and did not act with deliberate indifference; and

17 plaintiff's complaint does not allege facts giving rise to a claim of deliberate indifference to a

18 serious medical need as a matter of law; and defendants are each entitled to qualified immunity

19 because a reasonable appeals reviewer in Dr. Heatley's and Dr. Smith's position would not have

20 believed their review of plaintiff's appeals was constitutionally deficient, and their review of the

21 appeals does not amount to a constitutional violation because plaintiff has no constitutional right

22 to a specific grievance procedure. Defendants contend that a reasonable physician in defendant

23 Horowitz's position would not believe that awaiting review by the Pain Management Clinic

24 before prescribing pain medication was unlawful.

25 V. <u>Discussion</u>

26       Plaintiff's administrative appeals concerning medical care, as well as the prison officials'

27 responses to the appeals, are included in the 64 pages of exhibits appended to plaintiff's

28 complaint. Contrary to defendants' assertion, the court does not construe plaintiff's allegations as

1  to defendants Heatley and Smith as confined to their roles in the administrative appeal process.

2       The court may consider a "written instrument" that is attached to the complaint in

3  determining whether the plaintiff can state a claim.  Fed. R. Civ. P. 10(c); Durning v. First Boston

4  Corp., 815 F.2d 1265, 1267 (9th Cir.) (court may consider a "written instrument" attached to the

5  complaint "in determining whether the plaintiff can prove any set of facts in support of the

6  claim"), cert. denied, 484 U.S. 944 (1987).  However, the exhibits appended to plaintiff's

7  amended complaint do not negate plaintiff's medical claims as a matter of law.  See Scanlan v.

8  Sisto, 2012 WL 1130668, *2-3 (E.D. Cal. March 28, 2012).[1]  "The fact that plaintiff has attached

9  to his complaint documents showing prison officials found defendants' use of force was justified

10 does not mean plaintiff has adopted as true all of the statements in those documents, where it is

11 clear from the allegations in the complaint that he contests such findings."  Furnace v. Sullivan,

12 2008 WL 4856826, *5 (N.D. Cal. Nov. 10, 2008), citing Gant v. Wallingford Bd. of Educ., 69

13 F.3d 669, 674 (2d Cir. 1995) (holding Rule 10(c) of Federal Rules of Civil Procedure, providing

14 that "an exhibit to a pleading is a part of the pleading for all purposes," does not require plaintiff

15 to adopt as true full contents of documents attached to complaint).

16      Similarly, the fact that plaintiff appended administrative appeal responses that claim Dr.

17 Horowitz was not deliberately indifferent to plaintiff's medical needs (ECF No. 12 at 11, 14),

18 does not mean that plaintiff has adopted as true such a statement where it is clear from his

19 amended complaint that he contests such a finding.  Here, liberally construed, and taking

20 plaintiff's claims as true, plaintiff alleges that the change in medications by defendants Horowitz

21 and Heatley caused plaintiff continued pain and suffering, including untreated gout symptoms,

22 debilitating cluster migraine headaches, and subsequent heart attacks.  Moreover, the fact that

23 plaintiff appended copies of the administrative appeal responses does not mean that plaintiff seeks

24 relief based solely on the roles of defendants Dr. Heatley and Dr. Smith in the administrative

25 _____

26 [1] In Scanlan, the district court discussed the evaluation and use of exhibits appended to the
   complaint under Rule 10(c) of the Federal Rules of Civil Procedure, and distinguished how "the
27 court may reject what the plaintiff says about the report," but "the court cannot summarily reject
   plaintiff's allegations that in fact the prison authorities took no action, regardless of what the
28 incident report says."  Scanlan, 2012 WL 1130668 at *3.

1    appeal process.  Indeed, in his amended complaint, plaintiff does not allege that his claims are

2    based on such roles.

3            Moreover, in his opposition, plaintiff confirms that he was seen personally by both

4    defendants Dr. Heatley and Dr. Smith (ECF No. 25 at 3-4), and now claims that defendant Dr.

5    Smith also prescribed plaintiff medication without explanation.  At this stage of the proceeding,

6    the court declines to find that plaintiff's allegations are rebutted by the administrative appeal

7    responses appended to the complaint, or to find that defendants are entitled to qualified immunity.

8    See Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989) (court "need not defer to the

9    judgment of prison doctors or administrators" when deciding the deliberate indifference element).

10            Defendants are correct that prisoners have no stand-alone due process rights related to the

11    administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see

12    also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest

13    entitling inmates to a specific grievance process).  Put another way, prison officials are not

14    required under federal law to process inmate grievances in a specific way or to respond to them in

15    a favorable manner.  Because there is no right to any particular grievance process, plaintiff cannot

16    state a cognizable civil rights claim for a violation of his due process rights based on allegations

17    that prison officials ignored or failed to properly process grievances.  See,e.g., Wright v.

18    Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb.2, 2010) (plaintiff's allegations that prison

19    officials denied or ignored his inmate appeals failed to state a cognizable claim under the First

20    Amendment); Williams v. Cate, 2009 WL 3789597 at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff

21    has no protected liberty interest in the vindication of his administrative claims.").

22            However, prisoners may be able to state a cognizable civil rights claim if there is an

23    ongoing constitutional violation and defendant had the authority and opportunity to prevent the

24    ongoing violation, yet failed to prevent it.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

25    1989) (supervisory official liable under Section 1983 if he or she knew of a violation and failed to

26    act to prevent it).  Thus, plaintiff may be able to state an Eighth Amendment claim against such

27    defendants.  For example, in plaintiff's appeal No. 13044160, Dr. Smith noted plaintiff's claim

28

1  that his current medication, "MAPAP 325 tablets"[2] was insufficient for the period of a month, and

2  that plaintiff complained he was "continuously asking inmate[s] for pain pills due to [plaintiff's]

3  suffering from [his] many health problems." (ECF No. 12 at 20.) Dr. Smith noted that in the first

4  level interview, Dr. Hawkins claimed plaintiff was requesting to be placed back on pain

5  medication that was previously discontinued. (ECF No. 12 at 21.) Dr. Hawkins said plaintiff's

6  pain intake information was completed on July 23, 2012, "but it appears that it was never

7  submitted to the Pain Management Committee ("PMC")." (ECF No. 12 at 21.) Dr. Smith noted

8  that Dr. Hawkins said he would submit the information to the PMC on October 15, 2013, but that

9  "additional pain medication would not be ordered until the final disposition of the PMC." (ECF

10  No. 12 at 21.) Dr. Smith noted that plaintiff was currently prescribed Acetaminophen 325 mg

11  tablets, one to two tablets three times a day as needed. (Id.) Although Dr. Smith may not have

12  been aware of the medication change when it occurred, Dr. Smith's review of plaintiff's appeal

13  put the doctor on notice of the medication change.

14          If plaintiff was still experiencing severe pain when Dr. Smith addressed plaintiff's appeal

15  No. 13044160, plaintiff may be able to demonstrate that Dr. Smith was deliberately indifferent by

16  failing to take steps to expedite the review by the Pain Management Committee ("PMC"),

17  particularly in light of the lengthy delay, over one year and two months, in submitting plaintiff's

18  pain intake information to the PMC. [3] Indeed, plaintiff may be able to demonstrate Dr. Hawkins

19  was deliberately indifferent by failing to expedite such review.

20          Similarly, Dr. Heatley was put on notice of plaintiff's change of medication when he

21  reviewed plaintiff's appeal No. 12043072. (ECF No. 12 at 10.) In his opposition to the motion,

22  plaintiff claims that he was seen by Dr. Heatley for plaintiff's gout outbreak. (ECF No. 25 at 3.)

23  Dr. Heatley allegedly denied he was to see plaintiff about his high pain level, and plaintiff claims

24  that Dr. Heatley told plaintiff that "if you take these gout pills you will not get gout and the next

25  time I see you I will re[-]prescribe the morphine for your pain." (ECF No. 25 at 3.) Such a

26  ////

27  _____

28  [2] The generic name for MAPAP is Acetaminophen.
   [3] The appeal response does not state who was responsible for the delay.

1  statement, taken as true, demonstrates Dr. Heatley's awareness of plaintiff's pain, and could raise

2  an inference of deliberate indifference.

3      Here, plaintiff unequivocally states that he is in extreme pain every day (ECF No. 26 at 1),

4  and alleges that prescribing Acetaminophen for such pain "is a criminal act in itself!"  (ECF No.

5  25 at 7.)  Plaintiff explains that prior to his transfer to Mule Creek State Prison, he was prescribed

6  Morphine 30 mg for his pain by prison doctors, and contends that this prescription was changed

7  to Tylenol 325 mg which he also alleges is ineffective.  (ECF No. 25 at 1.)  Plaintiff alleges that

8  his cluster migraine headaches, which occur seasonally, has him bedridden for three or four

9  months.  (ECF No. 25 at 1.)  Plaintiff claims he is unable to function in day-to-day activities

10 because of these headaches and the medication change.  (Id.)  In light of these allegations, the

11 court is disinclined to construe plaintiff's claims as a mere difference of opinion between plaintiff

12 and his treating physicians, or between plaintiff's prior treating prison physicians and his current

13 treating prison physicians.  See Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012)

14 (awareness of need for hernia repair and repeated failure to implement prescribed surgery

15 "sufficient to meet the low threshold for proceeding past the screening stage").

16     That said, plaintiff's amended complaint is not a model of clarity, particularly with regard

17 to plaintiff's claims against defendant Dr. Smith, and does not set forth the specific facts he now

18 alleges demonstrate defendants' deliberate indifference.  In addition, plaintiff does not make clear

19 whether his severe pain is a daily constant, or whether his severe pain is only related to his

20 seasonal migraines and is therefore limited to a three or four month period.  In his pleading,

21 plaintiff is required to allege facts showing that each named defendant knew of, yet disregarded,

22 plaintiff's serious medical needs.  Plaintiff must allege facts showing that each defendant acted

23 with a culpable state of mind.  These allegations must be set forth in the pleading; defendants are

24 not required to ferret through exhibits to ascertain plaintiff's claims.

25     Moreover, as set forth above, plaintiff has raised new allegations in his oppositions that

26 demonstrate he may be able to state a cognizable claim against defendant Dr. Smith, even if

27 solely based on his role in the appeal process, and may be able to state a cognizable claim against

28 Dr. Hawkins.  For example, plaintiff now alleges that he heard defendant Dr. Smith say that "We

7

1   should just let him [plaintiff] die, then we could be done with him." (ECF No. 25 at 2.)  Such an

2   alleged statement raises an inference of a culpable state of mind.

3          Thus, defendants' motion to dismiss plaintiff's amended complaint is granted in part, and

4   plaintiff is granted leave to file a second amended complaint that specifically sets forth his

5   allegations against each named defendant, Dr. Heatley, Dr. Smith, and Dr. Horowitz.  If plaintiff

6   can allege facts supporting a claim against Dr. Hawkins, plaintiff is also granted leave to amend

7   to plead such allegations.  Plaintiff is offered the following guidance in filing the amended

8   pleading.

9          An individual defendant is not liable on a civil rights claim unless the facts establish the

10  defendant's personal involvement in the constitutional deprivation or a causal connection between

11  the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v.

12  Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir.

13  1978).

14         To state a claim for violation of the Eighth Amendment based on inadequate medical care,

15  plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to

16  serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must

17  show both that his medical needs were objectively serious, and that defendant possessed a

18  sufficiently culpable state of mind.  Snow v. McDaniel, 681 F.3d 978, 982 (9th Cir. 2012),

19  overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc);

20  Wilson v. Seiter, 501 U.S. 294, 297-99 (1991).

21         To meet the objective element, plaintiff must demonstrate the existence of a serious

22  medical need.  Estelle, 429 U.S. at 104.  Such need exists if the failure to treat the injury or

23  condition "could result in further significant injury" or cause "the unnecessary and wanton

24  infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotes and

25  citations omitted).  Serious medical needs include "[t]he existence of an injury that a reasonable

26  doctor or patient would find important and worthy of comment or treatment; the presence of a

27  medical condition that significantly affects an individual's daily activities; [and] the existence of

28  chronic and substantial pain." McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992),

1    overruled in part on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

2           Under the subjective element, a prison official is deliberately indifferent only if the

3    official "knows of and disregards an excessive risk to inmate health and safety." Toguchi v.

4    Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotes and citation omitted).  To prevail on

5    a claim for deliberate indifference, a prisoner must demonstrate that the prison official "kn[ew] of

6    and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of

7    the facts from which the inference could be drawn that a substantial risk of serious harm exists,

8    and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate

9    indifference "may appear when prison officials deny, delay or intentionally interfere with medical

10   treatment, or it may be shown by the way in which prison physicians provide medical care."

11   Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  The court "need not defer to the

12   judgment of prison doctors or administrators" when deciding the deliberate indifference element.

13   Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989) (where prison officials were aware loss

14   of his dentures was causing him severe pain and permanent physical damage, three month delay

15   in providing pain relief and soft food diet constituted Eighth Amendment violation).

16          Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S.

17   at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a

18   plaintiff must show that the delay was harmful.  See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th

19   Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059.

20   In this regard, "[a] prisoner need not show his harm was substantial; however, such would

21   provide additional support for the inmate's claim that the defendant was deliberately indifferent to

22   his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at

23   1060.

24          In applying this standard, the Ninth Circuit has held that before it can be said that a

25   prisoner's civil rights have been abridged, "the indifference to his medical needs must be

26   substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

27   cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing

28   Estelle, 429 U.S. at 105-06.)  A complaint that a physician has been negligent in diagnosing or

1   treating a medical condition does not state a valid claim of medical mistreatment under the Eighth

2   Amendment.  Even gross negligence is insufficient to establish deliberate indifference to serious

3   medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A difference of

4   opinion between medical professionals concerning the appropriate course of treatment generally

5   does not amount to deliberate indifference to serious medical needs.  Toguchi, 391 F.3d at 1058;

6   Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Also, "a difference of opinion between a

7   prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§]1983

8   claim."  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  To establish that such a

9   difference of opinion amounted to deliberate indifference, the prisoner "must show that the course

10  of treatment the doctors chose was medically unacceptable under the circumstances" and "that

11  they chose this course in conscious disregard of an excessive risk to [the prisoner's] health."  See

12  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Wilhelm, 680 F.3d at 1123

13  (awareness of need for treatment followed by unnecessary delay in implementing the prescribed

14  treatment sufficient to plead deliberate indifference); see also Snow, 681 F.3d at 988 (decision of

15  non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may

16  be medically unacceptable under all the circumstances.)

17          Thus, plaintiff is advised that rather than making statements using general terms such as

18  "mistreatment," plaintiff should set forth specific instances where each defendant allegedly

19  violated plaintiff's Eighth Amendment rights in addressing plaintiff's complaints of pain, and set

20  forth facts demonstrating how each defendant's act or failure to act constitutes deliberate

21  indifference to plaintiff's serious medical needs.[4]

22          Accordingly, for the reasons discussed above, defendants' motion to dismiss plaintiff's

23  Eighth Amendment claims is granted in part.  Plaintiff's amended complaint is dismissed, and

24  plaintiff is granted leave to file a second amended complaint.  Failure to file a second amended

25  _____

[4]  In subsequent filings, plaintiff raised vague allegations concerning a physical assault,
26  harassment, and theft of personal property, etc.  This action is proceeding only on plaintiff's
Eighth Amendment claims pertaining to his pain medications.  Plaintiff should omit reference to
27  unrelated allegations in any amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir.
2007) (Unrelated claims against different defendants must be pursued in multiple lawsuits.); see
28  also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and
same transaction requirements are satisfied).

1  complaint in accordance with this order will result in the dismissal of this action.

2  Plaintiff is informed that the court cannot refer to a prior pleading in order to make

3  plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

4  complaint be complete in itself without reference to any prior pleading.  This requirement exists

5  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

6  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

7  original pleading no longer serves any function in the case.  Therefore, in a second amended

8  complaint, as in an original complaint, each claim and the involvement of each defendant must be

9  sufficiently alleged.

10  However, plaintiff shall not append exhibits to his second amended complaint.  The

11  exhibits previously supplied by plaintiff remain a part of the court record and any party may

12  reference such exhibits.

13  V.  Conclusion

14  For all of the above reasons, IT IS HEREBY ORDERED that:

15  1.  Defendants' motion to dismiss (ECF No. 23) is granted in part;

16  2.  Plaintiff's amended complaint (ECF No. 12) is dismissed; and

17  3.  Plaintiff is granted forty-five days to file a second amended complaint that complies

18  with this order, the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure,

19  and the Local Rules of Practice.  The second amended complaint must also bear the docket

20  number assigned to this case and must be labeled "Second Amended Complaint."  No exhibits

21  shall be appended to the second amended complaint.

22  Failure to file a second amended complaint in accordance with this order will result in the

23  dismissal of this action.

24  Dated:  November 4, 2014

25

26  /sims0393.mtd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

27

28

11